UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * * * |
| Plaintiff, | * * |
| v. | * Civil Action No. 14-cv-13381-ADB |
| | * |
| JOHN PATRICK O'NEILL and ROBERT BRAY, | * * |
| | * |
| Defendants. | * |

MEMORANDUM AND ORDER

April 1, 2015

BURROUGHS, D.J.

## I. INTRODUCTION

The United States Department of Justice ("government") has moved to intervene in this action for the limited purpose of moving to stay discovery, and has further moved for a stay of discovery pending the conclusion of parallel criminal proceedings (Docket No. 16). Defendant John Patrick O'Neill ("Mr. O'Neill") has moved to stay all proceedings as to him (Docket No. 17). As more fully set forth below, the motion to intervene is granted. Both motions to stay are denied, although any deposition of Defendant Robert Bray ("Mr. Bray") is stayed, and the government retains the right to object to particular discovery requests, which objections will be dealt with by the Court as they arise.

## II. RELEVANT PROCEDURAL HISTORY

The Securities and Exchange Commission ("SEC") filed the instant action against Mr. O'Neill and Mr. Bray on August 18, 2014, alleging violations relating to insider trading activities (Docket No. 1). This is a civil case. There are also parallel criminal cases pending against Mr.

1

O'Neill and Mr. Bray arising out of the same alleged insider trading activity. See United States v. O'Neill, Criminal No. 14-10317-WGY; United States v. Bray, Criminal No. 14-10356-WGY. On December 4, 2014, Mr. O'Neill waived indictment and pled guilty to an Information charging him with conspiring to commit securities fraud in violation of 18 U.S.C. § 371. Shortly thereafter, on December 10, 2014, Mr. Bray was charged by a grand jury with conspiring to commit securities fraud in violation of 18 U.S.C. § 371, and securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff(a) and 17 C.F.R. § 240.10b-5. Trial against Mr. Bray is scheduled to begin on October 19, 2015.

On February 2, 2015, the government filed the instant Motion for Leave to Intervene and for a Stay of Discovery Pending Resolution of Parallel Criminal Proceedings (Docket No. 16). Mr. O'Neill assents to the government's requests to intervene and for a stay of discovery. The SEC assents to the request to intervene and takes no position on the request for a stay of discovery. On February 11, 2015, Mr. O'Neill filed his Motion to Stay All Proceedings as to him (Docket No. 17). Neither the government nor the SEC opposes Mr. O'Neill's motion. Mr. Bray has not responded with his position as to either the government's motion or Mr. O'Neill's motion.

### III. GOVERNMENT'S MOTION FOR LEAVE TO INTERVENE

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the government has moved to intervene in this action for the limited purpose of moving for a stay of discovery pending resolution of the parallel criminal cases against Mr. Bray and Mr. O'Neill. The Court has discretion to grant permissive intervention pursuant to Rule 24(b) where the prospective intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Here, where the same facts underlie both the civil and criminal

actions, the government arguably has an interest sufficient to warrant intervention in the civil action. Thus, the government's motion to intervene is granted pursuant to Rule 24(b).

## IV. GOVERNMENT'S MOTION FOR A STAY OF DISCOVERY PENDING RESOLUTION OF PARALLEL CRIMINAL PROCEEDINGS

The government makes four general arguments in support of its motion to stay discovery. The Court finds none of them persuasive. In essence, the government believes that it will have to give up a tactical advantage if the defendants are allowed civil discovery during the pendency of the criminal cases. Although there are situations where this argument would prevail, this isn't one of them. The grand jury investigation appears to be over; one of the defendants, Mr. O'Neill, has pled guilty, and the other, Mr. Bray, is scheduled for trial in October 2015. Since an indictment has been returned against Mr. Bray, the government is already obligated to produce Brady and other materials covered by the automatic discovery rules and will shortly have to produce more generalized discovery as well. At this point in the proceedings, the government should be preparing to share its theory of the case and the evidence in support of it, rather than looking for ways to delay the disclosure of relevant information. The Court will look very critically at any effort that appears designed to give the government an unwarranted tactical advantage or to otherwise have a trial by ambush in its criminal case against Mr. Bray.

To address the government's arguments more specifically:

First, the government argues that without a stay, Mr. Bray could use the civil discovery process to obtain information that could help him in his criminal case and to which he otherwise would not be entitled at this stage of the criminal proceeding. In support of its motion, the government cites no concrete concerns, but simply states that Mr. Bray "could use the civil discovery process in a manner that impairs proper administration of the criminal case" (Docket No. 16) (emphasis added). The government then avers that "[t]his is not a theoretical concern"

and goes on to say that allowing civil discovery to proceed would "nullify" the Jencks Act and other criminal rules; reveal the government's case which would allow Mr. Bray to tailor his defenses to the anticipated proof; and harass and intimidate witnesses. The government is essentially saying that allowing civil discovery to go forward could give a criminal defendant information earlier than the government would otherwise be required to disclose, and that this premature disclosure could, in effect, cost the government a tactical advantage to which it believes it is entitled. As has been recognized in other cases:

> [T]o the extent that the defendants' discovery requests simply result in the happenstance that in defending themselves against the serious civil charges that another government agency has chosen to file against them they obtain certain ordinary discovery that will also be helpful in the defense of their criminal case, there is no cognizable harm to the government in providing such discovery beyond its desire to maintain a tactical advantage.

SEC v. Oakford Corporation, 181 F.R.D. 269, 272-73 (S.D.N.Y.1998); see also SEC v. Saad, 229 F.R.D. 90, 91 (S.D.N.Y. 2005) ("It is strange[] . . . that the U.S. Attorney's Office, having closely coordinated with the SEC in bringing simultaneous civil and criminal actions against some hapless defendant, should then wish to be relieved of the consequences that will flow if the two actions proceed simultaneously.").

The Court would be more inclined to issue a stay if the pendency of the two investigations threatened to compromise the integrity of the government's investigation, or if having to defend both matters compromised a defendant's ability to defend himself in either proceeding. In the instant case, however, the government's investigation is complete and charges have been brought. Civil discovery might reveal aspects of the government's criminal case or result in inconsistent statements if witnesses are questioned more than once, but exposing the government's case or testing witness recollections will not fundamentally compromise an ongoing investigation or prosecution. Moreover, these are the risks that the government and the

4

SEC run when they elect to pursue parallel investigations and prosecutions. In any event, the government has not made a sufficient showing to warrant a stay in this instance.

Further, neither defendant has asserted that the pendency of a civil case and a related criminal case will impair his ability to defend himself. In fact, Mr. O'Neill can make no such argument since the criminal case against him is effectively over now that he has pled guilty. Mr. Bray is in the more difficult position, but the Court is prepared to take steps to preserve his rights, as more fully set forth below.

The cases cited by the government in support of its first argument are largely inapposite. For example, in Board of Governors of Federal Reserve System v. Pharaon, 140 F.R.D. 634 (S.D.N.Y. 1991), the court stayed discovery in a civil case for approximately 30 days until the grand jury had a chance to hear all of the evidence and make a decision. This was thus a stay of very limited duration and narrowly tailored to ensure that the government had the opportunity lock in relevant testimony prior to the civil discovery. United States v. Mellon Bank, N.A., 545 F.2d 869 (3d Cir. 1976), involved a civil suit aimed at seizing a safe deposit box to satisfy a levy against the taxpayer who was also charged in a criminal case. The considerations in this sort of case are significantly different from those in a civil case where the SEC is charging an actual human being with serious violations.

Second, the government asserts that a stay of the SEC case would create "efficiencies," presumably meaning that a conviction in the criminal case would estop a defendant from contesting the civil case. This no doubt would create efficiencies for the SEC, which would then be able to bring and win a case without actually having to try it or even go through the discovery process. However, the Court will not in any way abridge Mr. Bray's procedural rights simply to

preserve SEC resources or allow the SEC to defer its case so as to more efficiently capitalize on a successful criminal prosecution.

Third, the government maintains that staying the civil case will save litigation costs for the defendants rather than prejudicing them. The role of the Court is to ensure that once a party brings a criminal or a civil case, the case is administered impartially and efficiently to ensure a fair outcome. The idea of the federal government asking for the SEC's case to be stayed to save the defendants money is troubling—particularly where the government's request could have the ancillary effect of giving the government a strategic advantage in its own case.

Fourth, the government notes that Mr. O'Neill assents to the stay, the SEC takes no position, and Mr. Bray has not responded with his position. It is no surprise that Mr. O'Neill assents to the stay. He is awaiting sentencing and is no longer in a position, in light of his guilty plea, to meaningfully contest the civil case. He has an interest in appeasing the government, which has expressed its interest in a stay, as the government will ultimately make a sentencing recommendation in his criminal case. Further, he is likely hopeful that the passage of time will lessen the SEC's interest in extracting a maximum financial penalty from him. Similarly, the SEC has much to gain and little to lose from the requested stay. As discussed above, the SEC stands to benefit from a criminal resolution which could allow it to effectively win its case without having to do the work of discovery and then trial. Mr. Bray, on the other hand, is between the proverbial rock and hard place. He may have an interest in having the civil case move forward, but that outcome would run the risk of his having to be deposed (and thereby, risk compromising his criminal defense), or having to accept an adverse inference if he chooses not to answer questions in a civil deposition.

All of this being said, the Court remains concerned about preserving Mr. Bray's rights. He is entitled to defend both the civil and criminal cases without the defense of either prejudicing his rights in the other. Therefore, the Court orders that Mr. Bray may not be deposed at this time. He will thereby avoid facing the dilemma of either choosing to make statements that could be used against him in the criminal case, or suffering an adverse inference if he refuses to answer questions at a deposition. The parties may notify the Court when all discovery is complete but for the deposition of Mr. Bray. If, at that time, his deposition is requested, a status conference will be held to determine scheduling.

As a final note, the government cites a number of cases in which courts have been willing to grant the sort of stay it requests here. The Court will always evaluate such requests with an eye toward the facts and circumstances of individual cases and defendants. But in this case, the government is largely concerned about having to reveal discovery earlier than it might otherwise have to do. This is a strategic and tactical consideration that has little to do with the public interest or the interests of the defendants. If the government and the SEC choose to bring parallel civil and criminal cases close in time to each other, then each entity must be prepared to go ahead with its case on a usual schedule. The SEC and the government cannot pursue a strategy that allows them to take advantage of the benefits of dual prosecutions, but then complain when the defendants, too, find ways to benefit from the otherwise very burdensome task of having to defend on two fronts at the same time. Further, the evidence supporting an indicted criminal case ought to be able to survive scrutiny, and the government should not be so invested in withholding information until disclosure is required—after all, the goal is a just resolution in both the civil and criminal cases, and there is no doubt that confidence in an outcome is highest where the evidence is known and can be tested.

## V. DEFENDANT O'NEILL'S MOTION TO STAY ALL PROCEEDINGS

Mr. O'Neill asks for a stay of all proceedings as to him (Docket No. 17). He has not yet answered the SEC complaint and avers that he and the SEC are engaged in settlement discussions. He further states that he is struggling financially and that the requested stay would avoid his having to incur additional legal expenses. Finally, he claims that having to answer the complaint could potentially prejudice his rights.

Mr. O'Neill has had four prior extensions of time to respond to the complaint (Docket Nos. 8, 10, 12, 14). After the last, Judge Casper indicated that no further extensions would be granted (Docket No. 15). For this reason alone, Mr. O'Neill's request, at least with regard to answering the complaint, would be denied.

The issue, however, merits some further discussion. It is difficult to see how answering the complaint could prejudice his rights. He has pled guilty to the criminal offense and has thus already incriminated himself. As the government notes, his plea, which is tantamount to a conviction, estops him from contesting the civil allegations in any meaningful way. In this posture, he is not entitled to avoid answering a civil complaint merely to insulate himself from the effects of potentially inconsistent statements.

It is not a surprise that the SEC, the government and Mr. O'Neill are either implicitly or explicitly in favor of the stay requested by Mr. O'Neill. No doubt, the government would prefer that Mr. O'Neill not answer or be deposed, which could result in statements that are inconsistent with his plea or that might have to be disclosed in connection with the prosecution of Mr. Bray. Likewise, Mr. O'Neill is almost certainly interested in currying favor with the government, which ultimately will have to make a sentencing recommendation in the criminal case; for that reason alone, he would probably agree to the request for a stay. Similarly, for Mr. O'Neill, the outcome of the civil case is no longer really in doubt and therefore, he has no incentive to push

the case forward. Finally, the SEC might prefer to defer the resolution of the civil case against Mr. O'Neill until after the criminal cases, or it might be reluctant to settle now on terms that could look too favorable to a jury or sentencing court. Given the likely outcome of the civil case at this point, the SEC, too, has no need to hurry its resolution. None of these tactical interests warrants staying the civil case as to Mr. O'Neill. If he wants to avoid answering or the costs of discovery, the SEC case will either need to be settled or dismissed.

## VI. CONCLUSION

For the foregoing reasons, the government's Motion for Leave to Intervene and for a Stay of Discovery (Docket No. 16) is <u>GRANTED IN PART AND DENIED IN PART</u>. Specifically, the government's request to intervene is <u>GRANTED</u>. The government's request for a stay of discovery pending the resolution of the parallel criminal proceedings is <u>DENIED</u>, with the exception of a deposition of Mr. Bray, which is stayed until further Court order. Also, the government may object to particular discovery requests, which the Court will deal with on a case-by-case basis. Mr. O'Neill's Motion to Stay All Proceedings as to Defendant John Patrick O'Neill (Docket No. 17) is <u>DENIED</u>, and Mr. O'Neill is <u>ORDERED</u> to answer the SEC complaint within 10 days of the date of this Order.

**SO ORDERED.**

Dated: April 1, 2015

<u>/s/ Allison D. Burroughs</u>
ALLISON D. BURROUGHS
DISTRICT JUDGE